# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MANNING, an individual; on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PROMERA HEALTH, LLC; and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No. CV10-2719 AHM (MANx)<br><br>**ORDER RE: STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order Re Confidential Information ("Stipulated Protective Order"), filed on June 29, 2010, the terms of the Stipulated Protective Order are adopted as a protective order of this Court.

The parties are expressly cautioned that the designation of any information, document, or thing as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, in and of itself, create any entitlement to file such information,

-1-

**ORDER APPROVING STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**

document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not - - without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectible - - constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  See <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted.

-2-

**ORDER APPROVING STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**

1  If documents can be redacted, then a redacted version for public viewing, omitting
2  only the confidential, privileged, or otherwise protectible portions of the document,
3  shall be filed. Any application that seeks to file documents under seal in their
4  entirety should include an explanation of why redaction is not feasible.

6  **IT IS SO ORDERED.**

8  Dated:  October 5, 2010

   _____
   Honorable Margaret A. Nagle
   United States Magistrate Judge

**ORDER APPROVING STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**